**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:21-cr-584-4 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DEANGELO SNELL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On November 9, 2022, defendant Deangelo Snell ("Snell") was sentenced to a term of 44 months imprisonment, following his guilty pleas to RICO conspiracy, in violation of 18 U.S.C. § 1962(d); conspiracy to possess with intent to distribute and distribution of cocaine, cocaine base, and fentanyl, in violation of 21 U.S.C. § 846; and two counts of distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. No. 342 (Judgment); *see* Minutes of Proceedings [non-document], 11/9/2022; Doc. No. 320 (Plea Agreement).) Now before the Court is Snell's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 525 (Motion).) Appointed counsel filed a supplement in support of a sentence reduction (Doc. No. 531 (Supplement)), and the government filed an opposition to the motion. (Doc. No. 557 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3353(a). *Dillon v. United States*,

560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

At the time of sentencing, the Court calculated Snell's base offense level to be 19. (*See also* Doc. No. 337 (Final PSR), at 8[1] ¶ 24.) After the appropriate adjustment was applied—a 3-level reduction for acceptance of responsibility—the resulting total offense level was 16. (*See also id*. ¶¶ 31–33.) Snell had prior convictions for improperly handling a firearm in a motor vehicle, felonious assault, having weapons while under a disability, and drug abuse, which collectively scored 8 criminal history points. (*See also id.* at 9–12 ¶¶ 37–42.) Two more points were added because Snell was under a criminal justice sentence in state court at the time of the instant offenses. (*See also id*. at 12 ¶ 43.) With a total of 10 criminal history points, the guidelines dictated that he was a criminal history category V. (*See also id*. ¶ 44.) The advisory guideline range at offense level 16, criminal history category V was 41 to 51 months. (*See also id*. at 16 ¶ 71.) The Court imposed a within guideline range sentence of 44 months. (*See* Doc. No. 342.)

In his motion, Snell requests that the Court reduce his sentence to 33 months, based on the amended guideline range applicable following the changes made to "status points" under Part A of Amendment 821. (Doc. No. 531, at 3.) Under the Amendment, because Snell had 7 or more criminal history points, his "status points" would be reduced by 1, resulting in a total criminal history score of 9, which correlates to a criminal history category of IV. With a total offense level of 16 and a criminal history category of IV, his amended sentencing guideline range is 33 to 41 months. He requests a new sentence at the lowest end of the amended guideline range. (*Id*.) The government agrees that Snell is eligible for a sentence reduction under Part A, but it urges the

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Court to exercise its discretion in denying Snell's motion "based on public safety concerns." (Doc. No. 557, at 1.) Specifically, the government argues that "Snell has an extensive violent criminal history As such, a reduction is not in the public's interest." (*Id*. at 2.)

The Court agrees with the parties that Snell is eligible for consideration of a sentence reduction under Part A. Having concluded the amended guidelines range would have been applicable to defendant had the Amendment been in effect at the time of the initial sentencing, the Court proceeds to the second step of the analysis and considers whether such a reduction is warranted based on the factors set forth in § 3553(a). *Dillon*, 560 U.S. at 826 (citing § 3582(c)(2)). Subject to the limits set forth in U.S.S.G. § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. *Dillon*, 560 U.S. at 821–22; *see United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing 18 U.S.C. § 3553(a) and directing district courts to consider all relevant statutory sentencing factors). Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, requires the sentencing judge to consider the nature and circumstances of the offense and the history and characteristics of the defendant; and the need for the sentence imposed (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from future crimes of the defendant; and (4) to provide the defendant with needed educational or vocation training, medical care, or other correctional treatment in the most effective manner; as well as the kinds of sentences available. *See* 18 U.S.C. § 3553(a).

Additionally, application note 1(B)(ii) directs that "[t]he court shall consider the nature and

3

seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment[.]" U.S.S.G. § 1B1.10 app. n. 1(B)(ii). Application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that happened after the imposition of the original term of imprisonment[.]" *Id*. app. n. 1(B)(iii). The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in § 1B1.10(b).

The nature and circumstances of defendant's offenses were serious and continue to support a significant sentence. Snell was one of 16 individuals charged in an extensive drug-trafficking conspiracy operated by a gang known as the "Shorb Blocc" gang, headquartered in Canton, Ohio. "[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (citations omitted). Moreover, this particular drug trafficking organization ("DTO") was especially dangerous, as the gang members utilized threats of violence and serious acts of violence, including murder, to facilitate their illegal activities. (*See* Doc. No. 1 (Indictment), at 2 ¶ 1 (charging in Count 1, to which Snell pled guilty, that the DTO "engaged in drug distribution, and acts of violence involving murder, assault, robbery and witness intimidation"); *see also* Doc. No. 337, at 6 ¶ 14.)

Snell's history and characteristics also continue to weigh against a reduced sentence. Snell has an extensive criminal history, which dates back to 2008, when Snell was 17 years old and he was adjudicated delinquent for assault. (Doc. No. 337, at 8 ¶ 35.) As an adult, Snell was convicted at the age of 20 of disorderly conduct. (*Id*. ¶ 36.) At age 22, Snell improperly handled firearms in a motor vehicle. (*Id*. at 9, ¶ 37.) Within months of this conviction, Snell was charged with felonious assault, wherein he caused serious physical harm to his former girlfriend. (*Id*. ¶ 38.) He was

4

sentenced to a total of four years of imprisonment. (*Id.*) After his release from prison, he was charged with having weapons while under a disability and obstructing official business. (*Id.* at 10 ¶ 39.) He was sentenced to a term of imprisonment of 9 months. (*Id.*) Shortly after his release, Snell was charged with drug abuse. (*Id.* at 11 ¶ 40.) Snell's criminal history clearly reflects a proclivity for weapons and violence. Moreover, prior periods of incarceration have failed to impress upon him the need to curb his behavior to comply with the law. His recent association with the Shorb Blocc gang and participation in the DTO run by this gang only serve to underscore the need to protect the public from his dangerous and unconforming behavior.

Snell failed to provide the Court with any information regarding his post-judgment activities. Nevertheless, the prison records obtained by the Court reflect that while Snell has taken advantage of certain educational opportunities offered by the Bureau of Prisons, he also been charged with two disciplinary infractions in the last year—one for fighting and one for assaulting another inmate. These rules violations serve as further evidence that Snell remains dangerous and unwilling or unable to conform his behavior.

The Court has considered all of the information before it relative to the § 3553(a) sentencing factors, including Snell's prison records and the information that was available to the Court at the time of sentencing. In doing so, and for the reasons set forth above, the Court finds that it is in agreement with the government that Snell remains dangerous and would be a danger to the community if released. Additionally, for the same reasons, the Court finds that a reduction of his sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 525) is DENIED.

**IT IS SO ORDERED**.

Dated: February 20, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**